UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16CV-P277-CRS

**BRANDON DUWONE HARVEY**  **PLAINTIFF**

v.

**STEPHEN SPURLOCK** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brandon DuWone Harvey filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

**I.**

Plaintiff identifies himself in the complaint form as a pretrial detainee at the Louisville Metro Department of Corrections. He sues Stephen Spurlock, a detective with the Kentucky State Police, and David P. Nutgrass, an Assistant Commonwealth Attorney in Spencer County, Kentucky. He sues both Defendants in their official and individual capacities.

Plaintiff states that on September 14, 2014, Defendant Spurlock "maliciously gave false testimony to a Spencer County Grand Jury. That he had a latent print analyst process a bag that he obtained from a third party, for latent prints. He said that a latent print was lifted from the bag and a match was made to a known print of mine . . . ." Plaintiff asserts that the bag was allegedly used in a bank robbery in Taylorsville, Kentucky, on July 30, 2014. Plaintiff further states as follows:

> KSP Detective Spurlock knew that he did not have in his possession when he testified, any scientific examination reports from a latent print analyst, matching the allegedly processed print to a known print of mine. KSP Detective Spurlock also maliciously gave false testimony to the same Spencer County Grand Jury, the

>following, "Brandon harvey was arrested on, I believe the Fourth of August. He was at the time in possession of several bills we call bait bills. These are bills that are in the tellers drawer, the dollar amount and the serial number of the bill are noted and kept on file at the bank in case the money is taken. . . . He was in possession of several of those bills." He was refering to the stolen money from the People's Bank robbery.

Plaintiff maintains, "Without KSP Detective Spurlock's malicious false testimony there would have been no probable cause to obtain an indictment against me." He asserts that this testimony caused him to be indicted, and the indictment "caused me to be deprived of my freedom for 10 months after my original arrest on this charge, and it caused me mental suffering." He states that ten months after he was indicted, the indictment "was dismissed in my favor, there was no negotiation involved in the dismissal of the indictment." Plaintiff states that these actions constituted malicious prosecution in violation of the Fourteenth Amendment.

Plaintiff also states that Defendant Nutgrass "maliciously allowed Kentucky State Police Detective Stephen Spurlock to testify to a Spencer County Grand Jury." He reiterates his allegations concerning Defendant Spurlock's testimony and states, "Both Assistant Commonwealth Attorney, David P. Nutgrass and KSP Detective Spurlock were aware that KSP Detective Spurlock did not have in his possession when he testified, any scientific examination reports from a latent print analyst, matching the allegedly processed print to a known latent print of mine." Plaintiff states that Defendant Nutgrass also allowed Defendant Spurlock to give the above-described false testimony concerning the bait bills. He maintains that Defendant Nutgrass's allowing Defendant Spurlock to give false testimony directly resulted in his indictment and reiterates that the indictment was "dismissed in my favor, there was no negotiation involved in the dismissal of the indictment." Plaintiff again states that the indictment "caused me to be deprived of my freedom for 10 months after my original arrest on this charge."

2

Plaintiff alleges a claim of malicious prosecution in violation of the Fourteenth Amendment against Defendant Nutgrass.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### *A. Official-capacity claims*

Plaintiff sues both Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

#### *B. Individual-capacity claims*

Plaintiff also sues Defendants in their individual capacities. With regard to his claim against Defendant Nutgrass, it is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Plaintiff's

claim against Defendant Nutgrass that he maliciously allowed Defendant Spurlock to testify falsely against him in his grand jury proceeding is barred by absolute prosecutorial immunity. *Id.* at 1138 (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury); s*ee also Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."). Therefore, Plaintiff's claim against Defendant Nutgrass is barred by prosecutorial immunity and must be dismissed.

Upon review of the allegations against Defendant Spurlock, the Court will allow Plaintiff's § 1983 claim for malicious prosecution to proceed against Defendant Spurlock in his individual capacity. In doing so, the Court passes no judgment on the ultimate merit of the claim.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims against both Defendants and his individual-capacity claim against Defendant Nutgrass are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED** to terminate Defendant Nutgrass as a party to this action.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claim that has been permitted to proceed.

Date: October 24, 2016

                            **Charles R. Simpson III, Senior Judge**
                            **United States District Court**

cc:      Plaintiff, *pro se*
         Defendants
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.010